# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Canoo, Inc., *et al.,*<br><br>     Debtors | Bankr. Case No. 25-10094 (BLS) |
| Harbinger Motors Inc.,<br><br>     Appellant<br><br>v.<br><br>Canoo, Inc.,<br><br>     Appellee | C.A. No. 25-00461 (MN) |

# APPELLANT'S OBJECTION TO MOTION FOR LEAVE

Harbinger Motors, Inc. ("**Appellant**") respectfully objects to the *Motion of WHS Energy Solutions, LLC for Leave to Submit Amicus Curiae Brief* [Doc 11] (the "**Motion for Leave**").[1] The Purchaser was a central party in the Sale Hearing below and a principal party beneficiary of the Sale Order. As such, it is too personally interested in this appeal to be considered an amicus. The Purchaser's proposed amicus brief neither helps this Court nor offers any arguments not already contained in Appellee's brief filed on June 17, 2024 [Doc 10]. The Court should deny the Motion for Leave.

---

[1] Capitalized terms used but not defined in this objection are defined in the Motion for Leave.

1

A party who is neither an appellant nor an appellee but wishes to be heard in an appeal of a bankruptcy court order has two options: (1) it may seek to **intervene** under Bankruptcy Rule 8013(g); or (2) it may seek leave to file a brief as an **amicus** curiae under Bankruptcy Rule 8017. Intervenors and amici occupy markedly different roles.

An amicus curiae is "an 'impartial friend' of the court who assists the court by providing information … aids the court in resolving doubtful issues of law … [and] is not 'an adversary party in interest in the litigation.'"[2] "Amicus curiae" is Latin for "friend of the court," and "describe[s] one who, for the benefit and assistance of the court, suggests interpretation and status of law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view."[3]

An amicus curiae assists a court in deciding a case of general public interest by objectively supplementing the efforts of counsel and directing the court's attention to law or policy the court might otherwise not consider.[4] A court should only permit the

---

[2] *In re Edison Mission Energy,* 610 B.R. 871, 878 (Bankr. N.D. Ill. 2020), citing *United States v. Michigan,* 940 F.2d 143, 165 (6th Cir. 1991).
[3] 10A *Collier on Bankruptcy* ¶ 8017.02 (16th ed. 2025), citing *New England Patriots Football Club, Inc. v. University of Colorado,* 592 F. 2d 1196, 1198 n.3 (1st Cir. 1979), and *Leigh v. Engle,* 535 F. Supp. 418, 419–420 (N.D. Ill. 1982).
[4] *Id.*

intercession of a would-be amicus who assists the court by "presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs."[5]

Here, the Purchaser—a third-party whose improper veto power over the settlement of estate claims is directly at issue in this appeal—is precisely the type of personally interested party courts deny the role of amicus. One court recently noted that a truly personally interested party is not appropriately treated as a amicus but, rather, should enter the proceedings as an intervenor under Bankruptcy Rule 8013(g):

> As parties in interest to the underlying bankruptcy, the movants possess
> financial interests in the outcome of the appeal … Further, the movants seek
> to intervene to protect these personal interests, not merely to argue matters
> of public interest and policy. The movants are thus more properly situated
> in the appeal as intervenors, rather than as amici curiae.[6]

The Sale Order implicates the Purchaser's interests at least as much as the bankruptcy estate's. As a central party to the Sale Hearing and a principal beneficiary of the Sale Order now the subject of this appeal, the Purchaser cannot appropriately appear in this appeal as a friend of the Court. Highlighting the impropriety of treating the

---

[5] *Voices for Choices v. Ill. Bell Tel. Co.,* 339 F.3d 542, 545 (7th Cir. 2003).
[6] *In re Latam Airlines Grp. S.A.,* 2022 U.S. Dist. LEXIS 139219, at *3–4 (S.D.N.Y. Aug. 4, 2022). *See also In re Ippolito,* 2017 U.S. Dist. LEXIS 80469, at *6 (D.N.J. May 24, 2017) (denying party leave to participate as an amicus or to intervene because the party was so central to the underlying proceeding that it should have filed an appeal or cross-appeal).

Purchaser like a disinterested amicus, the proposed amicus brief doesn't address general matters of law or policy, doesn't assist the Court in understanding anything the Court doesn't already know from Appellee's brief, and doesn't provide any arguments Appellee hasn't already fully briefed.

The Court doesn't need a friend with nothing new or different to say.

Given the Purchaser's keen personal interest in the Sale Order and the outcome of this appeal, the Purchaser should have sought to intervene under Bankruptcy Rule 8013(g). In that posture, this Court could more easily appreciate that the Purchaser would be advocating for its own parochial interests.

But the Purchaser does not seek to intervene under Bankruptcy Rule 8013(g) and, instead, seeks to squeeze itself into this appeal as an "amicus" because the Purchaser missed the deadline under Bankruptcy Rule 8013(g)(1) to seek leave to intervene. That deadline—"30 days after the appeal is docketed"—passed more than a month ago. There is no good reason substantively to treat the Purchaser as an amicus and no good reason to do so procedurally, either.

Especially because the Purchaser would provide this Court with no help and nothing the Appellee hasn't already provided, the Court should not reward the Purchaser's failure to timely seek intervention. The Motion for Leave should be denied.

June 23, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)

John A. Morris (admitted *pro hac vice*)

Jordan A. Kroop (admitted *pro hac vice*)

919 N Market Street, 17th Floor

Wilmington, DE 19899-8705

Telephone:  302-652-4100

bsandler@pszjlaw.com

jmorris@pszjlaw.com

jkroop@pszjlaw.com

-and-

**SHAPIRO ARATO BACH LLP**

Jonathan P. Bach

Daniel J. O'Neill

1140 Avenue of the Americas

New York, NY 10036

Telephone: 212-257-4880

jbach@shapiroarato.com

doneill@shapiroarato.com

*Counsel for Appellant*